UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BOLLINI,

                Plaintiff,                       No.    13-cv-10136

vs.                                         Hon. Gerald E. Rosen

WELLS FARGO BANK, N.A., and
FANNIE MAE,

                Defendant,
_____/

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 29, 2013

PRESENT:Honorable Gerald E. Rosen
United States District Chief Judge

On October 31, 2006, Plaintiff Anthony Bollini obtained a loan in the amount of

$138,000.00 from Ohio Savings Bank, and as security for his promissory note, Bollini

and his wife, Deborah Dudas, granted a mortgage on their home located in Farmington

Hills, Michigan in the amount of $138,000.00 to Mortgage Electronic Registration

Systems, Inc. ("MERS"), as nominee for the lender and the lender's successors and

assigns.  The mortgage was subsequently assigned to Wells Fargo Bank.

      Plaintiff became delinquent on the mortgage.  As a result, Wells Fargo Bank

commenced foreclosure proceedings by advertisement pursuant to Michigan law, and at a

sheriff's sale conducted on July 3, 2012, Wells Fargo Bank was the successful bidder. The subject property was subsequently transferred to Defendant Fannie Mae.

On December 11, 2012, in an attempt to reverse the foreclosure and restore himself as titleholder to the Farmington Hills property, Plaintiff Bollini, initiated this action in Wayne County Circuit Court asserting claims of quiet title, unjust enrichment, breach of implied agreement, and violation of M.C.L. §600.3205c. Wells Fargo Bank and Fannie Mae thereafter properly removed the case to this Court and on January 16, 2013, filed the instant Motion to Dismiss and/or for Summary Judgment.

As this Court has discussed at length in rulings in other cases, *see, e.g., Landis v. Fannie Mae,* No. 12-11996, 2/8/2013 Opinion and Order at 2-3; *Phelps v. Nations Star Mortgage LLC,* No. 12-12589, 11/9/2012 Show Cause Order at 2; *Nagy v. Federal National Mortgage Ass'n,* No. 12-14149, 11/9/2012 Show Cause Order at 2, the initial pleading filed in this case by Plaintiff's counsel, Emmett Greenwood, is a cut-and-paste, cookie cutter complaint that is word-for-word identical to the complaints Mr. Greenwood has filed in dozens of other cases since the beginning of 2012, none of which has survived dispositive motion practice.

On January 22, 2013, in accordance with a practice noted, and strongly disapproved of, by this Court in this and other cases, *see, e.g., Landis,* No. 12-11996, 2/8/2013 Opinion and Order at 3-8; *Phelps,* No. 12-12589, 11/9/2012 Show Cause Order at 3-4; *Nagy,* No. 12-14149, 11/9/2012 Show Cause Order at 3-4, Mr. Greenwood filed a

2

response to Defendant's motion on his client's behalf that is once again word-for-word identical to response briefs Mr. Greenwood has filed in other cases, despite the fact that this canned brief has been uniformly unsuccessful in staving off the dismissal of his clients' complaints. Furthermore, Mr. Greenwood filed his cookie-cutter Response Brief in this case less than a week after another Judge of this Court specifically advised him of the lack of legal merit in the arguments he presents. *See Rabbah v. Federal Home Loan Mortgage Corp*., No. 12-14599, Jan. 15, 2013 Opinion and Order Granting Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Cox, J.) *see also Youif v. Deutsche Bank National Trust Co*., No. 12-11387, Jan. 8, 2013 Opinion and Order (Zatkoff, J.).

It should come as no surprise, therefore, that Plaintiff's cookie cutter response brief -- aptly described by another court in this District as an "empty exercise," *Jewell v. Federal National Mortgage Ass'n,* No. 12-10979, 11/30/2012 Order at 5 (Cleland, J.) -- fares no better here than in the many other cases in this District where Mr. Greenwood had made this identical submission.

There is no need for this Court to recite at any length the grounds for granting Defendant's motion, because they have been thoroughly and ably stated in prior suits decided against materially indistinguishable backdrops. First, Plaintiff's claim of quiet title is subject to dismissal because it is undisputed that the six-month statutory redemption period with respect to the property at issue expired on January 3, 2013, at

which point Plaintiff's rights in and title to the property were extinguished. *See Rabbah v. Federal Home Loan Mortgage Corp.*, No. 12-14599, 2013 WL 153729, at *3-*4 (E.D. Mich. Jan. 15, 2013) (Cox, J.); *Saroki v. Bank of New York Mellon*, No. 12-13961, 2012 WL 5379169, at *3-*4 (E.D. Mich. Oct. 31, 2012) (Duggan, J.); *Wicht v. Federal Home Loan Mortgage Corporation*, No. 12-12965, 3/22/13 Order, p. 3. Upon the expiration of this redemption period, "the mortgagor may undo the [sheriff's sale of the property] only by demonstrating fraud or irregularity in the foreclosure proceedings," and Mr. Greenwood's canned complaint has uniformly been found to lack any such allegations which, if proven, would support the requisite finding of fraud or irregularity. *Saroki*, 2012 WL 5379169, at *4; *see also Rabbah*, 2013 WL 153729, at *4; *Wicht*, No. 12-12965 at p. 3.  Mr. Greenwood's canned complaint has uniformly been found to lack any allegations which, if proven, would support the requisite finding of fraud or irregularity. *Saroki*, 2012 WL 5379169, at *4; *see also Rabbah*, 2013 WL 153729, at *4.

Plaintiff's claim of unjust enrichment is similarly subject to dismissal because this implied contract theory of recovery is unavailable where, as here, there is an express contract governing the parties' relationship.  *See Rabbah*, 2013 WL 153729, at *4; *Saroki*, 2012 WL 5379169, at *4-*5; *Behnam v. Green Tree Servicing LLC*, No. 12-12303, 8/14/2012 Opinion and Order at 3-4 (Rosen, C.J.).  Plaintiff's claim of a breach of an implied agreement also must be dismissed, in the absence of any allegations that would evidence the parties' shared intention to enter into an agreement to modify

4

Plaintiff's loan.  *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *5. In the alternative, this claim is subject to dismissal under Michigan's statute of frauds, for lack of any allegation of a signed writing evidencing Defendant's purported promise to modify Plaintiff's loan.  *See Rabbah,* 2013 WL 153729, at *5; *Behnam,* No. 12-12303, 8/14/2012 Op. at 4-5.

Finally, Plaintiff's claim of a violation of M.C.L. § 600.3205c also must be dismissed.  Plaintiff's bare recitation of the requirements of this Michigan statute, followed by the conclusory allegation that Defendant failed to adhere to the statute by failing to modify Plaintiff's mortgage, has been repeatedly deemed insufficient to state a viable claim.  *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *6. Moreover, as this Court has previously observed, the statute "does not demand . . . that a lender modify a mortgage," *Behnam,* No. 12-12303, 8/14/2012 Op. at 5, but merely requires that the lender undertake an inquiry whether a borrower qualifies for a loan modification upon the borrower's request for such a modification and submission of the appropriate documentation.  Plaintiff has failed to plead that he pursued the appropriate steps under the statute to trigger Defendant's obligation to consider his eligibility for a loan modification, and the exhibits accompanying Defendant's motion reveal that he did not.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's January 16, 2013 Motion to Dismiss

5

and/or for Summary Judgment **[Dkt. # 2]** is GRANTED.

IT IS FURTHER ORDERED, in accordance with the Court's February 8, 2013 Opinion and Order in *Landis v. Fannie Mae*, No. 12-11996, that Plaintiff's counsel, Emmett Greenwood, shall immediately refund to his client, Anthony Bollini, any monies paid by Mr. Bollini to Mr. Greenwood in connection with Mr. Greenwood's representation of Mr. Bollini in this case.

IT IS FURTHER ORDERED that within ***fourteen (14) days*** of the date of this order, Mr. Greenwood shall file with the Court a statement attesting that he has complied with the Court's directive by refunding the full amount he has received from Mr. Bollini in connection with this case.  Failure to promptly pay this refund or to timely file the required statement of compliance will result in the imposition of additional sanctions and the initiation of contempt proceedings against Mr. Greenwood.

SO ORDERED.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  May 29, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2013, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135